**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OLIVER PICKETT, JR., as Personal
Representative of the ESTATE OF
OLIVER PICKETT, SR.,

        Plaintiff,

vs.                                         Case No. 3:09-cv-10116-J-37JBT

R.J. REYNOLDS TOBACCO
COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. R.J. Reynolds Tobacco Company's Motion for Attorneys' Fees (Doc. 179), filed April 11, 2012;

2. Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees (Doc. 181), filed April 25, 2012;

3. Defendant's Reply in Support of Its Motion for Attorney's Fees (Doc. 187), filed May 9, 2012;

4. Report and Recommendation (Doc. 194), filed February 13, 2013;

5. Defendant's Objections to the Magistrate Judge's Report and Recommendation Denying Defendant's Motion for Attorneys' Fees (Doc. 195), filed February 27, 2013; and

6. Plaintiff's Response to Defendant's Objections to the Magistrate Judge's Report and Recommendations Denying Defendant's Motion for Attorneys' Fees (Doc. 196), filed March 18, 2013.

Upon consideration, the Court hereby finds that Defendant's motion for attorney's fees is due to be denied, for the reasons set forth below.

## BACKGROUND

In this *Engle*-progeny wrongful death tobacco case, Defendant initially served Plaintiff with a settlement proposal for $10,000, which Plaintiff rejected. (Doc. 179, p. 2; Doc. 181, p. 1.) The case went to trial, and the jury ultimately found that the decedent was addicted to cigarettes, that his addiction was a legal cause of his death, and that Defendant's placement of cigarettes on the market was also a legal cause of his death. (Doc. 152, pp. 1–2.) The jury found that the decedent and Defendant were each 50% liable. (Doc. 152, p. 3.) However, the jury awarded zero damages to the decedent's survivors for pain and suffering and loss of companionship.[1] (*Id.* at 4.) The jury also found that punitive damages were not warranted. (*Id.*)

The Court entered judgment in favor of Defendant. (Doc. 177.) Plaintiff moved to amend the judgment, arguing that Plaintiff was actually the prevailing party on his claims even though the jury awarded zero damages. (Doc. 182.) The Court denied that motion, finding that Defendant was the prevailing party in both the legal and the practical sense. (Doc. 189, p. 2.)

Defendant then moved for attorney's fees, seeking a total of $41,860 for the 59.8 hours that counsel spent in court at the trial. (*Id.* at 3.) Plaintiff opposed, arguing that Defendant's settlement offer was so low as not to be made in good faith, meaning that Defendant was not entitled to fees pursuant to Florida Statutes § 768.79. (Doc. 181,

---

[1] Plaintiff had also brought claims for economic damages in the form of medical and funeral bills in excess of $30,000; however, Plaintiff dropped those claims on the day before the trial began and proceeded only with the claims for non-economic damages in the form of pain and suffering and loss of companionship. (Doc. 181, p. 3.)

p. 1.) Defendant replied that the settlement proposal was proven reasonable by the jury's zero-damages award. (Doc. 187, p. 1.) Defendant also submitted that it believed that it had no liability based on the facts of this case and that its exposure was minimal given the many verdicts finding no liability or zero damages in similar cases. (*Id.* at 4–5.)

Magistrate Judge Joel B. Toomey subsequently entered a Report and Recommendation (R&R) recommending that this Court deny Defendant's motion for attorney's fees. (Doc. 194, p. 1.) Defendant objected. (Doc. 195.) Plaintiff responded. (Doc. 196.) A hearing was held in this matter before the undersigned on April 18, 2013. (Doc. 198.) This matter is now ripe for the Court's adjudication.

## STANDARDS

### I. R&R

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### II. Bad Faith

"If an offer satisfies the requirements of [Fla. Stat.] § 768.79(1)–(6), . . . [t]he sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith." *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002) (alterations in original) (citation and internal quotation marks omitted). "The burden is upon the offeree to prove that the offeror acted without good faith."

3

*Levine v. Harris*, 791 So. 2d 1175, 1178 (Fla. 4th DCA 2001).

"[T]he question of whether a proposal was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted." *Wagner v. Brandeberry*, 761 So. 2d 443, 446 (Fla. 2d DCA 2000). However, "[i]n making this determination, the trial court is not restricted to the testimony of the offeror attesting to good faith; rather, the court may properly consider objective evidence of facts and circumstances that suggest whether the offeror made the offer with subjective good faith." *Arrowood Indem. Co. v. Acosta, Inc.*, 58 So. 3d 286, 289 (Fla. 1st DCA 2011).

Thus, the court should take into account the following factors in determining the offeror's subjective good faith: the amount of the offer, the offeror's potential exposure, the complexity and closeness of the case, and the offeror's justification for the offer. *Id.* at 290. The court should not take into account the reasonableness of the offeree's rejection of the offer. *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 613 (Fla. 1995) (noting that the fact that an offeree had a good reason to reject a low offer is not properly considered in the determination of entitlement to fees, but should be considered in determining the amount of fees).

As to the amount of the offer, courts should "view with considerable skepticism nominal offers which bear no reasonable relationship to damages and which are not founded upon a reasonable and realistic assessment of liability." *Eagleman v. Eagleman*, 673 So. 2d 946, 948 (Fla. 4th DCA 1996). However, "nominal offers of judgment are not alone determinative of bad faith." *Fox v. McCaw Cellular Commc'ns of Fla., Inc.*, 745 So. 2d 330, 333 (Fla. 4th DCA 1998) (clarifying *Eagleman*). "Therefore,

4

even viewing such offers with 'considerable skepticism,' proof of bad faith requires a showing beyond the mere amount of the offer. . . . [It] involves an inquiry into the circumstances shown by the entire record of the case." *Id.* (quoting *Eagleman*, 673 So. 2d at 948).

## DISCUSSION

Magistrate Judge Toomey's R&R recommended that this Court deny Defendant's motion because he found that Plaintiff met his burden of demonstrating that Defendant's settlement proposal was not made in good faith, and he also reasoned that Defendant's justifications for its proposal were not supported by the circumstances at the time it was made. (Doc. 194.) Defendant objected to the R&R, arguing that: (1) it failed to give due weight to the take-nothing verdict; (2) it failed to properly evaluate the strength of Plaintiff's claim; (3) it relied on factually dissimilar *Engle*-progeny cases; and (4) it improperly shifted the burden of proof to Defendant. (Doc. 195.) The Court agrees with Magistrate Judge Toomey that Defendant's motion for attorney's fees is due to be denied.

It is undisputed that it is Plaintiff's burden to show lack of subjective good faith; however, in addition to the offeror's subjective justification for the offer, the Court also considers objective indicators, such as the amount of the offer, the potential exposure, and the complexity of the case. *See Arrowood*, 58 So. 3d at 290. That courts should look to objective indicia of the offeror's subjective good faith is in keeping with the fact that the burden rests on the offeree to demonstrate bad faith—for if courts could only look to the offeror's self-serving, post hoc rationalizations of subjective good faith without resort to objective indicators, it would be virtually impossible for an offeree to meet his burden.

5

Magistrate Judge Toomey is uniquely poised to weigh these factors: he has a deep knowledge of the strengths and weaknesses of this particular case, in addition to his intimate familiarity with overarching tobacco litigation as a whole, having had exclusive responsibility for implementing case management orders and resolving discovery disputes in all of the thousands of tobacco cases filed in this Court. From this well-informed vantage point, Magistrate Judge Toomey considered Defendant's subjective justification and the objective indicators and determined that Plaintiff sustained his burden of proving Defendant's bad faith.

As to the take-nothing verdict, if the Court accepted Defendant's proposition that a verdict in one's favor proves a low settlement offer reasonable, the Court would be forced to read the good-faith requirement completely out of the statute. Hindsight is 20/20, and while the verdict is one factor to consider, it is not dispositive. In light of all the other factors—the low amount of the offer, the timing of the offer, the predetermined conduct issues tipping the scales, the high potential for punitive damages, the verdicts decided around the same time that the offer was made, and the protracted, rancorous history of this litigation—the Court finds that these objective indicators undercut Defendant's self-interested protestation of good faith. Plaintiff has therefore demonstrated that Defendant's $10,000 offer, made on the eve of trial after a great deal of expensive and drawn-out motion practice, was not made with the subjective good faith intent to settle this claim.

Having considered the record as a whole and having reviewed *de novo* the portions of the R&R to which Defendant specifically objected, the Court agrees with Magistrate Judge Toomey's recommendation and finds that Defendant's motion for attorney's fees is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation Denying Defendant's Motion for Attorneys' Fees (Doc. 195) are **OVERRULED**.

2. Magistrate Judge Toomey's Report and Recommendation (Doc. 194) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. R.J. Reynolds Tobacco Company's Motion for Attorneys' Fees (Doc. 179) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on June 3, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Honorable Joel B. Toomey

7